BMB: USAO# 2011R00136

FILED _____ ENTERED
LOGGED _____ RECEIVED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAY 1 8 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. RDB-11-094 |
| | * | |
| AARON GRAHAM and | * | (Felon in Possession of a Firearm, 18 |
| ERIC JORDAN, | * | U.S.C. § 922(g)(1)); Possession of an |
| Defendants | * | Unregistered Firearm, 26 U.S.C. § 5841, |
| | * | 5861(d); Hobbs Act Robbery and |
| | ******* | Conspiracy to Commit Hobbs Act |
| | | Robbery, 18 U.S.C. § 1951(a); Possession |
| | | of a Firearm in Furtherance of a Crime of |
| | | Violence, 18 U.S.C. § 924(c); Conspiracy |
| | | to Possess Firearms in Furtherance of |
| | | Crimes of Violence, 18 U.S.C. § 924(o); |
| | | Aiding and Abetting, 18 U.S.C. § 2) |

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

On or about February 5, 2011, in the District of Maryland, the defendants,

### AARON GRAHAM and
### ERIC JORDAN,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess a firearm, to wit: one loaded Taurus, .25 caliber pistol, with serial number

DX338806, and ammunition, in and affecting commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

On or about February 5-6, 2011, in the District of Maryland, the defendant,

### ERIC JORDAN,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess the following firearms: one Rossi .357 caliber revolver, with serial number ZE394963, and one Pardner 12 gauge shotgun, model SB1, with serial number NL293974, and ammunition, in and affecting commerce.


18 U.S.C. § 922(g)(1)

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

On or about February 5-6, 2011, in the District of Maryland, the defendant,

## ERIC JORDAN,

knowingly received and possessed a firearm, to wit: one Pardner 12 gauge shotgun, model SB1,

with serial number NL293974, with a barrel of less than 18 inches in length, not registered to him

in the National Firearms Registration and Transfer Record.

26 U.S.C. § 5861(d)

## COUNT FOUR

The Grand Jury for the District of Maryland further charges that:

1.      At all times relevant to this Second Superseding Indictment, Burger King Restaurant, located at 1735 Washington Boulevard, Baltimore, Maryland, was a commercial restaurant that sold beverages, food, and other products directly to customers (hereinafter the "Washington Boulevard Burger King"). The Washington Boulevard Burger King conducted its business in and affecting interstate commerce in that many of the beverages, food and other products sold to its customers were obtained from producers and manufacturers outside the State of Maryland as well as suppliers inside the State of Maryland that obtained the products outside the State of Maryland. The Washington Boulevard Burger King also paid a percentage of its gross sales to the Burger King Corporation, which has its corporate headquarters in Miami, Florida.

2.      At all times relevant to this Second Superseding Indictment, McDonald's Restaurant, located at 3249 Frederick Avenue, Baltimore, Maryland, was a commercial restaurant that sold beverages, food, and other products directly to customers (hereinafter the "Frederick Avenue McDonald's"). The Frederick Avenue McDonald's conducted its business in and affecting interstate commerce in that many of the beverages, and other products sold to its customers were obtained from producers and manufacturers outside the State of Maryland as well as suppliers inside the State of Maryland that obtained the products outside the State of Maryland. The Frederick Avenue McDonald's also paid a percentage of its gross sales to the McDonald's Corporation, which has its corporate headquarters in Oak Brook, Illinois.

3.      At all times relevant to this Second Superseding Indictment, Milan Gold & Diamond jewelry store, located at 2401 Liberty Heights Avenue, Baltimore, Maryland, was a retail jewelry store that sold watches, jewelry, and other products directly to customers. Milan Gold & Diamon

conducted its business in and affecting interstate commerce in that many of the products sold to its customers were obtained from suppliers and manufacturers outside the State of Maryland, as well as suppliers inside the State of Maryland that obtained the products outside the State of Maryland.

4.      At all times relevant to this Second Superseding Indictment, the 7-Eleven convenience store, located at 2701 West Franklin Street, Baltimore, Maryland, was a retail convenience store that sold beverages, food, and other products directly to customers (hereinafter the "West Franklin Street 7-Eleven"). The West Franklin Street 7-Eleven conducted its business in and affecting interstate commerce in that many of the beverages, food, and other products sold to its customers were obtained from producers and manufacturers outside the State of Maryland as well as suppliers inside the State of Maryland that obtained the products outside the State of Maryland. The West Franklin Street 7-Eleven also paid a percentage of its gross profits to the 7-Eleven Corporation, which has its corporate headquarters in Dallas, Texas.

5.      At all times relevant to this Second Superseding Indictment, the Shell gas station, located at 1699 Forest Park Avenue, Baltimore, Maryland, was a gasoline station and convenience store that sold fuel, snacks, beverages and other products directly to customers (hereinafter the "Forest Park Shell Station"). The Forest Park Shell Station conducted its business in and affecting interstate commerce in that the gasoline and many of the products sold to its customers were obtained from producers and manufacturers outside the State of Maryland as well as suppliers inside the State of Maryland that obtained the products outside the State of Maryland.

6.      From on or about January 22, 2011, through February 5, 2011, in the District of Maryland,

**AARON GRAHAM and**
**ERIC JORDAN,**

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and with others both known and unknown to the Grand Jury to knowingly and intentionally obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of an article and commodity in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), by the unlawful taking of business proceeds and money from the person and presence of victim employees and other persons in the businesses identified in paragraphs 1 through 5, against their will by means of actual and threatened force, violence and fear of injury, immediate and future, to their persons and property, as detailed below.

## Ways, Manner and Means

7.    Among the manner and means used by the defendants and others to achieve the objects of the conspiracy, were the following:

a.    It was a part of the conspiracy that the defendants and others planned and organized armed robberies of commercial establishments by the use of firearms.

b.    It was further a part of the conspiracy that the defendants and others detained, threatened, and restrained employees and owners of the commercial establishments and customers present during the robberies of the businesses through the use of firearms.

c.    It was further a part of the conspiracy that the defendants and others took or attempted to take money and property belonging to the businesses from those employees and owners through the use of firearms.

d.    It was further a part of the conspiracy that the defendants and others removed United States currency and other property from the commercial establishments and from the person and presence of employees and owners of the businesses.

e. It was further a part of the conspiracy that one or more co-conspirators would enter the commercial establishment to carry our the armed robbery while one or more co-conspirators would wait in and operate a get-away vehicle in order to quickly vacate the area after the robbery was completed.

### Overt Acts

8.      In furtherance of the conspiracy, and to effect the illegal objects thereof, the defendants and their co-conspirators performed, participated in and did the following acts, among others, in the District of Maryland and elsewhere:

a.      On or about January 22, 2011, **AARON GRAHAM** and others known and unknown to the Grand Jury did forcibly threaten the owner and employees of Milan Gold & Diamonds during a robbery of that establishment, through the use of firearms, and take from the person and presence of those employees, among other things, watches and jewelry, belonging to Milan Gold & Diamonds, said watches and jewelry being goods obtained in interstate commerce and sold at retail to customers as part of Milan Gold & Diamonds' business activities.

b.      On or about January 22, 2011, **AARON GRAHAM** did forcibly threaten the manager and employees of the West Franklin Street 7-Eleven, during a robbery of that establishment, through the use of firearms, and take from the person and presence of those employees, among other things, United States currency, belonging to the West Franklin Street 7-Eleven, said United States currency being the proceeds of the West Franklin Street 7-Eleven's business activities.

c.      On or about February 1, 2011, **AARON GRAHAM** did forcibly threaten employees of the Forest Park Shell Station, during a robbery of that establishment, through the use of firearms, and take from the person and presence of those employees, among other things,

United States currency, belonging to the Forest Park Shell Station, said United States currency being the proceeds of the Forest Park Shell Station's business activities.

           d.      On or about February 5, 2011, **AARON GRAHAM** did forcibly threaten the manager and employees of the Washington Boulevard Burger King, during a robbery of that establishment, through the use of firearms, and take from the person and presence of those employees, among other things, United States currency, belonging to the Washington Boulevard Burger King, said United States currency being the proceeds of the Washington Boulevard Burger King's business activities.

           e.      After **GRAHAM** exited the Washington Boulevard Burger King, **ERIC JORDAN**, who was operating a dark gray Ford F-150 pickup truck, acted as the get-away driver.

           f.      On or about February 5, 2011, **AARON GRAHAM** did forcibly threaten the manager and employees of the Frederick Avenue McDonald's, during a robbery of that establishment, through the use of firearms, and take from the person and presence of that manager and employees, among other things, United States currency, belonging to the Frederick Avenue McDonald's, said United States currency being the proceeds of the Frederick Avenue McDonalds' business activities.

           g.      After **GRAHAM** exited the Frederick Avenue McDonald's, **ERIC JORDAN**, who was operating a dark gray Ford F-150 pickup truck, acted as the get-away driver.

18 U.S.C. § 1951(a)

## COUNT FIVE

The Grand Jury for the District of Maryland further charges that:

1.  Paragraph Three of Count Four of this Second Superseding Indictment is incorporated by reference as if fully restated herein.

2.  On or about January 22, 2011, in the District of Maryland,

### AARON GRAHAM,

the defendant herein, and others, did knowingly obstruct, delay and affect and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant and others unlawfully did take and obtain property consisting of watches and jewelry from the person and presence of the owner and employees of Milan Gold & Diamond, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the owner and employees' persons  by threatening serious physical injury or death to said owner and employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT SIX

The Grand Jury for the District of Maryland further charges that:

On or about January 22, 2011, in the District of Maryland,

### AARON GRAHAM,

the defendant herein, did knowingly possess and brandish a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Four of this Second Superseding Indictment, and Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Five of this Second Superseding Indictment, which is incorporated by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT SEVEN

The Grand Jury for the District of Maryland further charges that:

1.    Paragraph Four of Count Four of this Second Superseding Indictment is incorporated by reference as if fully restated herein.

2.  On or about January 22, 2011, in the District of Maryland,

### AARON GRAHAM,

the defendant herein, and others, did knowingly obstruct, delay and affect and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant and others  unlawfully did take and obtain property consisting of United States currency from the person and presence of the manager and employees of the West Franklin Street 7-Eleven, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the manager and employees' persons by threatening serious physical injury or death to said manager and employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT EIGHT

The Grand Jury for the District of Maryland further charges that:

On or about January 22, 2011, in the District of Maryland,

## AARON GRAHAM,

the defendant herein, did knowingly possess and brandish a firearm in furtherance of a crime of

violence for which he may be prosecuted in a court of the United States, to wit: Conspiracy to

Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in

Count Four of this Second Superseding Indictment, and Interference with Interstate Commerce by

Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Seven of this Second Superseding

Indictment, which is incorporated by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT NINE

The Grand Jury for the District of Maryland further charges that:

1.   Paragraph One of Count Four of this Second Superseding Indictment is incorporated by reference as if fully restated herein.

2.   On or about February 5, 2011, in the District of Maryland,

**AARON GRAHAM and
ERIC JORDAN,**

the defendants herein, did knowingly obstruct, delay and affect and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain property consisting of United States currency from the person and presence of employees of the Washington Boulevard Burger King, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' persons  by threatening serious physical injury or death to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT TEN

The Grand Jury for the District of Maryland further charges that:

On or about February 5, 2011, in the District of Maryland,

### AARON GRAHAM and
### ERIC JORDAN,

the defendants herein, did knowingly possess and brandish a firearm in furtherance of a crime of

violence for which he may be prosecuted in a court of the United States, to wit: Conspiracy to

Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in

Count Four of this Second Superseding Indictment, and Interference with Interstate Commerce by

Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Nine of this Second Superseding

Indictment, which is incorporated by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT ELEVEN

The Grand Jury for the District of Maryland further charges that:

1.   Paragraph Two of Count Four of this Second Superseding Indictment is incorporated by reference as if fully restated herein.

2.  On or about February 5, 2011, in the District of Maryland,

### AARON GRAHAM and
### ERIC JORDAN,

the defendants herein, did knowingly obstruct, delay and affect and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain property consisting of United States currency from the person and presence of employees of the Frederick Avenue McDonald's, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' persons  by threatening serious physical injury or death to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT TWELVE

The Grand Jury for the District of Maryland further charges that:

On or about February 5, 2011, in the District of Maryland,

### AARON GRAHAM and
### ERIC JORDAN,

the defendants herein, did knowingly possess and brandish a firearm in furtherance of a crime of

violence for which he may be prosecuted in a court of the United States, to wit: Conspiracy to

Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in

Count Four of this Second Superseding Indictment, and Interference with Interstate Commerce by

Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Eleven of this Second

Superseding Indictment, which is incorporated by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT THIRTEEN

The Grand Jury for the District of Maryland further charges that:

1. Counts Four through Twelve, Sixteen and Seventeen of this Second Superseding Indictment are incorporated by reference as if fully restated herein.

2. The Grand Jury for the District of Maryland further charges that:

From on or about January 22, 2011, through on or about February 5, 2011, in the District of Maryland,

### AARON GRAHAM and
### ERIC JORDAN,

the defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to possess firearms in furtherance of crimes of violence for which they may be prosecuted in a court of the United States, to wit: to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of an article and commodity in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), by the unlawful taking of business proceeds and money from the person and presence of victim employees and other persons, in violation of 18 U.S.C. § 924(c).

18 U.S.C. § 924(o)

## COUNT FOURTEEN

The Grand Jury for the District of Maryland further charges that:

1. At all times relevant to this Second Superseding Indictment, the Dollar Tree store, located at 5650 Baltimore National Pike, Catonsville, Maryland, 21228 was a discount retail store that sold housewares, craft supplies and a variety of other products directly to customers (hereinafter the "Catonsville Dollar Tree"). The Catonsville Dollar Tree conducted its business in and affecting interstate commerce in that many of the products sold to its customers were obtained from producers and manufacturers outside the State of Maryland as well as suppliers inside the State of Maryland that obtained the products outside the State of Maryland.

2. On or about January 17, 2011, in the District of Maryland,

**AARON GRAHAM,**

the defendant herein, did knowingly obstruct, delay and affect and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant unlawfully did take and obtain property consisting of United States currency from the person and presence of employees of the Catonsville Dollar Tree, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' persons by threatening serious physical injury or death to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT FIFTEEN

The Grand Jury for the District of Maryland further charges that:

On or about January 17, 2011, in the District of Maryland,

### AARON GRAHAM,

the defendant herein, did knowingly possess and brandish a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Fourteen of this Second Superseding Indictment, which is incorporated by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT SIXTEEN

The Grand Jury for the District of Maryland further charges that:

1. Paragraph Five of Count Four of this Second Superseding Indictment is incorporated by reference as if fully restated herein.

2. On or about February 1, 2011, in the District of Maryland,

**AARON GRAHAM and
ERIC JORDAN,**

the defendants herein, and others, did knowingly obstruct, delay and affect and attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants and others unlawfully did take and obtain property consisting of United States currency from the person and presence of employees of the Forest Park Shell Station, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' persons by threatening serious physical injury or death to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT SEVENTEEN

The Grand Jury for the District of Maryland further charges that:

On or about February 1, 2011, in the District of Maryland,

### AARON GRAHAM and
### ERIC JORDAN,

the defendants herein, did knowingly possess and brandish a firearm in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Four of this Second Superseding Indictment, and Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Sixteen of this Second Superseding Indictment, which is incorporated by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## FORFEITURE

As a result of the offenses set forth in this Second Superseding Indictment, the defendants,

### AARON GRAHAM and
### ERIC JORDAN,

shall forfeit to the United States the Taurus, .25 caliber pistol, with serial number DX338806, and ammunition; the Rossi .357 caliber revolver, with serial number ZE394963, and ammunition; and the Pardner 12 gauge shotgun, model SB1, with serial number NL293974, and ammunition, identified in this Second Superseding Indictment and involved in those offenses.

18 U.S.C. § 924(d)

*Rod Rosenstein /BMB*

Rod J. Rosenstein
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**

Foreperson

Date: 5/18/11