IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-11-094 |
| AARON GRAHAM, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Aaron Graham ("Defendant" or "Graham") is a 59-year-old federal prisoner who is serving a 1,764-month sentence for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) (Count 1); Conspiracy to Interfere with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951(a) (Count 4); Interference with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951(a) (Counts 5, 7, 9, 11, 14, and 16); and Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) (Counts 6, 8, 10, 12, 15, 17). Now pending is Graham's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on his particular vulnerability to COVID-19 and his disparately high sentence that resulted from stacking the mandatory-minimum penalties of multiple § 924(c) convictions. (ECF No. 281). The Government opposes the motion (ECF No. 289), and Graham has replied (ECF No. 292 *SEALED*). The parties submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following

reasons, Graham's Motion for Compassionate Release (ECF No. 281) is construed as a Motion for Sentence Reduction and is GRANTED. Graham will be resentenced to a term of imprisonment of 684 months.

## BACKGROUND

The facts of this case were summarized by the United States Court of Appeals for the Fourth Circuit in its opinion affirming the denial of defendants' motion to suppress. *United States v. Graham*, 796 F.3d 332 (4th Cir. 2015), *aff'd en banc*, 824 F.3d 421 (4th Cir. 2016). Aaron Graham and his co-defendant, Eric Jordan, were convicted of several offenses arising from a series of six armed robberies spread across four days in January and February 2011. *Id.* at 338–39.[1] The evidence at trial demonstrated that the defendants played different roles in these offenses: Graham entered each establishment, brandished a handgun during five of the robberies, engaged in violence, and threatened workers and customers. *Id.* at 339–40. Jordan served as the getaway driver in connection with three of the robberies. *Id.* at 340. Graham and Jordan were arrested on February 5, 2011, when Jordan's vehicle was pursued by police and stopped shortly after the final robberies. 796 F.3d at 340. Following a 10-day jury trial before this Court, Graham was convicted on Counts 1, 4 through 12, and 14 through 17 of the Second Superseding Indictment (ECF No. 16).

At sentencing, Graham faced enhanced penalties as an Armed Career Criminal under 18 U.S.C. § 924(e) because he had at least four prior felony convictions for a crime a

---

[1] The establishments that were robbed included: (1) a Dollar Tree store in Baltimore County, on January 17, 2011; (2) a Milan Gold & Diamonds store in Baltimore City on January 22, 2011; (3) a 7-Eleven in Baltimore City on January 22, 2011; (4) a Shell gas station in Baltimore County on February 1, 2011; (5) a Burger King in Baltimore City on February 5, 2011; and (6) a McDonald's restaurant two miles from the Burger King, also on February 5, 2011. *Id.* at 339–40.

violence. (ECF No. 283 *SEALED* at 2.) Graham was thus subject to a mandatory minimum term of imprisonment of 15 years on Count 1, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Graham was also subject to a mandatory minimum consecutive sentence of seven years for the first § 924(c) conviction and what were then believed to be mandatory minimum consecutive sentences of 25 years for each of the five additional § 924(c) convictions. This Court sentenced Graham to the then-mandatory minimum term of 147 years in prison.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

## I. Extraordinary and Compelling Reasons

In this case, the Government does not contest that Graham has exhausted his administrative remedies.[2] Instead, the Government argues that neither Graham's vulnerability to severe illness from the COVID-19 virus nor any disparity between the length

---

[2] *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) ("Because the [exhaustion] requirement is not jurisdictional, it may be waived or forfeited.").

4

of Graham's sentence and the sentence he would receive today for the same offenses constitutes an "extraordinary and compelling" reason to grant relief.

Graham's COVID-19 vulnerability claim fails. Graham argues that he is 59 years old, overweight with a body mass index of 27.2, and that he suffers from chronic hypertension and hyperlipidemia, all of which make him more susceptible to severe illness from COVID-19. (ECF No. 292 *SEALED* at 9.) Graham has also refused to take the COVID-19 vaccine. (ECF No. 292 *SEALED* at 10.) As Judge Blake of this Court has noted, "a refusal to be vaccinated, in the absence of a documented medical reason, undercuts a claim of extraordinary and compelling reasons for compassionate release." *United States v. Bowling*, No. CCB-16-267, 2021 U.S. Dist. LEXIS 236359, at *6 (D. Md. Dec. 8, 2021). Graham has presented no such documented medical reason. Accordingly, this Court concludes that Graham's vulnerability to severe illness from COVID-19 does not constitute an "extraordinary and compelling" reason for compassionate release.

Graham also argues that he is serving a disproportionately long sentence that is driven by the now-defunct stacking provisions of § 924(c). At the time Graham was convicted and sentenced, "Section 924(c) was interpreted as prescribing a 5-year mandatory minimum for a first conviction, and a consecutive 25-year term for any ["second or subsequent"] conviction—even if obtained in the same case." *United States v. Ramos*, Crim. No. PJM-04-293, 2021 WL 826304, at *1 (D. Md. Mar. 4, 2021). "The First Step Act ended this practice, known as sentence 'stacking,' by clarifying that the 25-year mandatory minimum applies only when a prior § 924(c) conviction arises from a separate case and 'has become final.'" *McCoy*, 981 F.3d at 275; *accord United States v. Jordan*, 952 F.3d 160, 171 (4th

5

Cir. 2020) ("Under the First Step Act . . . the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution.").

Intervening changes in sentencing law may constitute extraordinary and compelling reasons that justify a motion for sentence reduction. *E.g.*, *United States v. Day*, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 979–81 (C.D. Cal. 2020); *United States v. Smith*, 379 F. Supp. 3d 543, 546 (W.D. Va. 2019. In *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020), the United States Court of Appeals for the Fourth Circuit noted that "the severity of a [stacked] § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief" due to the "'gross disparity' between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct." *McCoy*, 981 F.3d at 285.[3] District Courts around the country have consistently held the same. *See, e.g.*, *United States v. Ramos*, Crim. No. PJM-04-293, 2021 WL 826304, at *1 (D. Md. Mar. 4, 2021); *United States v. Bryant*, No. 94-202-CCB-3, 2020 WL 2085471, at *3 (D. Md. 2020); *United States v. Redd*, 444 F. Supp. 3d 717, 722–23 (E.D. Va. 2020); *United States v. Jones*, 482 F. Supp. 3d 969, 980–81(N.D. Cal. 2020).

---

[3] The decision in *McCoy* still requires an individualized assessment of each defendant's unique circumstances: The Fourth Circuit was clear that "not all defendants convicted under § 924(c) should receive new sentences," only that "courts should be empowered to relieve some defendants of those sentences on a case by case basis." 981 F.3d at 287; *United States v. Eady*, No. 2:12-cr-0415-DCN-1, 2021 WL 2354930, at *2 (D.S.C. Jun. 9, 2021) ("[T]he Fourth Circuit also made clear that defendants convicted under the old § 924(c) sentencing regime do not receive relief as a matter of right.").

Graham's 147-year sentence is largely driven by six stacked § 924(c) counts. In alignment with *McCoy*, and with the growing consensus of district courts facing this issue, this Court has no difficulty finding that Graham's stacked sentence is an "extraordinary and compelling" ground for relief. Accordingly, the resolution of this motion will turn on this Court's application of the 18 U.S.C. § 3553(a) factors.

## II.     18 U.S.C. § 3553(a) Factors

The factors found at 18 U.S.C. § 3553(a) require this Court to evaluate (1) Graham's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, Crim No. 95-202-CCB, 2020 WL 2085471 at *4. These factors favor a reduction in Graham's sentence to today's applicable mandatory minimum, but do not favor further relief.

The offenses of which Graham was convicted are extremely serious and violent. Graham participated in six armed robberies while on federal supervision for a prior bank robbery conviction. Any further reduction of Graham's sentence would not provide just punishment or promote respect for the law. This Court also recognizes a need to protect the public from Graham, who has demonstrated that he is inclined to engage in violent conduct that threatens the safety of the community. This Court also notes, however, that Graham has

7

expressed a degree of remorse for his past conduct and has maintained employment while incarcerated. (ECF No. 292 *SEALED at 13-14.)

Finally, Graham argues that even a sentence at today's mandatory minimum would result in a disparity because it is likely that, if indicted today, Graham would be charged with only one § 924(c) count and sentenced to 7 years for brandishing a firearm. (ECF No. 292 *SEALED* at 13.) This argument is unavailing. In *United States v. Donte Dingle*, a grand jury sitting in this District in February 2020 returned a superseding indictment charging the defendant with four separate § 924(c) counts in connection with a spree of robberies. Superseding Indictment, *United States v. Dingle*, DKC-19-204 (D. Md. Feb. 20. 2020), ECF No. 40. Dingle, like Graham, had an extensive criminal history that included prior robberies. Dingle, like Graham, proceeded to trial and was convicted on all counts. At sentencing Judge Chasanow remarked:

> The four counts of 924(c) do carry mandatory seven years and they must be consecutive to each other and to any other sentence, so we are starting at 28 years for the brandishing. And why is that, Mr. Dingle? It's because Congress has concluded that if you walk in and put a gun to somebody's face and ask them for money, you have got to do at least seven years each time, but it is so dangerous that we hope we deter people, but if we don't, we recognize they are so dangerous, they must be removed from society for a minimum amount of time. That's a minimum. It's not a maximum.

June 23, 2021 Tr.; DKC-19-204, ECF No. 114 at 21-22. Judge Chasanow ultimately imposed a total sentence of 360 months, comprised of 24 months concurrent on conspiracy to commit Hobbs Act robbery, substantive Hobbs Act robbery, and felon in possession counts and 28 years consecutive for the four § 924(c) counts. Unlike Graham, Dingle was not found to be an Armed Career Criminal. Accordingly, this Court concludes that resentencing

8

Graham to a sentence at today's mandatory minimum does not produce an unwarranted disparity.

## CONCLUSION

For the reasons stated above, it is HEREBY ORERED this 24th day of January 2022, that Defendant Aaron Graham's Motion for Compassionate Release (ECF No. 281) is construed as a Motion for Sentence Reduction and is Granted. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant Aaron Graham is resentenced as follows:

1. Defendant Graham's sentences on Counts 8, 10, 12, 15, and 17 are reduced to 84 months, each to run consecutive to each other and consecutive to the originally imposed 84-month sentence on Count 6 as well as the originally imposed concurrent 180-month sentences on Counts 1, 4, 5, 7, 9, 11, 14, and 16, for a total term of 684 months.

2. All other aspects of the originally-imposed sentence remain the same.[4]

_____/s/_____
Richard D. Bennett
United States District Judge

---

[4] This Court notes that Defendant Graham has a pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 244.) The parties are DIRECTED to file a status update within 30 days of the date of this Memorandum Order advising the Court as to the status of the various claims raised in the Motion and proposing a briefing schedule.